### STATE ex LONGMAN et v WELSH et

Ohio Appeals, 1st Dist, Butler Co

No 731. Decided Oct 8, 1937

R. E. Hoskot, Dayton, and R. M. Galloway, Dayton, for relators.

Paul A. Baden, Hamilton, and Walter S. Harlan, Hamilton, for respondents.

## OPINION

By HAMILTON, J.

This is an original action in mandamus, by which the relators seek to compel the respondents to transfer for school purposes certain territory from the Butler County School District to the Warren County School District.

It appears in the petition, by the exhibits thereto attached, the basis for the transfer sought, is a petition with the following heading, which appears to have been filed with the Board of Education of Butler County, Ohio:

"To the Board of Education of Butler County, Ohio.

"We, the undersigned, being in excess of seventy-five per cent of the qualified resident electors residing in the territory designed and defined by the attached maps, being a part of Butler County School District, Butler County, Ohio, contiguous to Warren County School District, do hereby petition and request that the territory so designated be transferred from the Butler County School District to the Warren County School District, for school purposes."

With this petition, filed with the Board of Education, a certain map, marked Exhibit B and attached to the petition in this cause was filed, which contained the names of property holders and the lines of their property. On the bottom of the map is marked "Madison Twp. Butler County." The top of the map is marked "County line," but does not show what adjacent county is contiguous to this line marked "County line." On this petition of the property holders filed with the Board of Education, and the map attached, the Board of Education refused to make the transfer. Whereupon, the relators instituted this action.

To this petition, the respondents filed an answer, in which the respondents denied generally and specifically each and every allegation contained in the petition and not admitted to be true in the answer.

The several defenses are that the territory proposed to be transferred is not con-tiguous to Warren County School District; that the transfer of said territory would seriously injure and impair the operation and efficiency of the Madison Township Rural School District and the school system of Butler County, Ohio. That the transfer of the territory would be expensive and cause great duplication in the operation; that the transfer of said territory would contribute to and cause dissatisfaction among the pupils and persons living in said territory and result in breaking down the morale and best interests of said Madison Township Rural School District. That the question of the issuing of bonds and constructing a new school building at Poastown, Ohio, was submitted to the qualified electors of the Madison Township Rural School District on the 18th day of August, 1936, and was carried by a vote of the majority of the people, a part of whom were voters who signed the petition for the transfer, and urges that they should be estopped from further action in the transfer.

Further answering, the respondents say that at the time of the circulation of the petition for the transfer of said territory, the petition had no map attached, and contained no description of the territory sought to be transferred; that the signers of the petition did not know the description of the territory.

In the answer, the respondents further challenge the constitutionality of §4696, GC, as being contrary to **Article 1, §1 of the Constitution of Ohio,** and contrary to the 5th Amendment to the Constitution of the United States.

To this answer, the relators filed a general demurrer.

Since the general demurrer searches the record, we will examine the petition of the relators.

The transfer is sought by the relators under authority of §4696, GC, which provides among other things:

"A county board of education may, upon a petition of a majority of electors residing in the territory, to be transferred, transfer a part or all of a school district of the County School District to an exempted village, city or county school district, the territory of which is contiguous thereto. Upon petition of 75% per cent. of the electors in the territory proposed to be transferred the County Board of Education shall make such transfer, * * *."

It is admitted that 75 per cent. of the electors indicated on the map filed with

the Board of Education, signed the petition.

It will be noted that §4696, GC, does not require the filing of a map or description of any particular kind. It must be read in connection with §4692, GC, which is a part of the School Code, which provides:

"Before such transfer shall take effect, the map must be filed with the auditor of the county in which the transferred territory is situated, showing the boundaries of the territory sought to be transferred."

Whether or not the particular description of the property sought to be transferred, and an actual map, showing the boundaries of the territory sought to be transferred and the district to which transfer is to be made should be attached to the petition before signing, quaere? But, certainly, such accurate description and an accurate map must be filed with the board of education before it could make the legal transfer of the property sought, otherwise it could not complete the transfer, and must also file such map with the county auditor. That raises the question as to whether or not the map is such a one as would require consideration by the Board. We have stated all that the map shows.

Would the Board of Education be expected to transfer the property to the designated county line without naming even the county to which it is sought to be attached?

If we consider the petition filed with the Board of Education, all it provides for is the transfer of the territory defined by the attached maps, which is a part of the Butler County Rural School District, and asked that it be transferred to the Warren County Rural School District, and §4696, GC, does not provide for such a transfer. It provides that a part or all of a school district of the County School District may be transferred to an exempted village, city or county school district. There is nothing in the petition which shows that it suggests the territory is to be attached to any such exempted village, city, or county school district, except the one phrase county school district, which is without designating any county, and without designating such county on the map and description of the territory. True the petition refers to the Warren County Rural School District. That is indefinite, in that the Warren County School District is composed of many school districts, and there is nothing to show to which district in War-

ren County the relators ask the property to be attached.

The petition recites, that the Board of Education having ignored the petition for transfer set forth in Exhibit A, and that the Madison Township Rural School District, the Butler County School District, the Carlisle Rural School District and the Warren County School District have failed to consider the transfer of said territory in submitting their plan of organization to the Director of Education, as set forth in said petition and map.

The petition further recites that the relators duly presented to and filed with the Butler County Rural School District a certain petition, asking that the territory so defined in the map attached to the petition, marked Exhibit A, attached to the petition, be transferred from Madison Township, Butler County, to Carlisle Rural School District of Warren County, for school purposes.

If the property in question is a part of a Rural School District in Butler County, and relators seek to have it attached to another Rural School District, in Warren County, then the petition does not show any right to the relief prayed for.

In the case of **State of Ohio ex Hall v Miami County Board of Education**, reported in 131 Oh St 506, the relators alleged that they filed with the respondents a petition, signed by more than 75 per cent of the resident electors of the territory, requesting the transfer of a portion of the Union Township Rural School District, Miami County, to the Monroe Township Rural School District, Darke County, and that the transfer was refused. The court, in refusing the writ for mandamus, said:

"On consideration whereof, it is ordered and adjudged that the writ of mandamus be, and the same hereby is, denied on the ground that there exists no such school district as that named in the petition for transfer and that §4696, GC, does not authorize the transfer of territory from one rural school district in one county to another rural school district in another county."

Our conclusion, therefore, is, that the petition for transfer and the map filed with the Board of Education does not sufficiently present to the Board of Education facts upon which it could act under the law. The relators have not brought themselves with-

in the law, and, are, therefore, not entitled to the relief prayed for.

The demurrer will be sustained as to the petition, and the petition dismissed, at the costs of the relators.

ROSS, PJ, and MATTHEWS, J, concur.